IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FEDEX CORPORATION, ) | |
| FEDEX CORPORATION ) | |
| EMPLOYEES' PENSION PLAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 08-2827-STA-dkv |
| ) | |
| THE NORTHERN TRUST COMPANY, ) | |
| and NORTHERN TRUST ) | |
| INVESTMENTS, N.A., ) | |
| ) | |
| Defendants, ) | |

### ORDER GRANTING PLAINTIFFS' MOTION TO RECONSIDER

Before the Court is Plaintiffs' Motion for Relief From Order Denying Plaintiff's Motion to Dismiss Counterclaim (D.E. # 44) filed on January 28, 2010. Defendants have responded in opposition, and Plaintiffs have filed a reply brief. For the reasons set forth below, the Motion to Reconsider is **GRANTED**.

### BACKGROUND

The Court has summarized the allegations in this ERISA case in two previous orders: Order Denying Defendants' Motion to Dismiss, (Donald, J.), entered May 20, 2009; and the Order Denying Plaintiffs' Motion to Dismiss the Counterclaim, entered January 25, 2010. Defendants seek reconsideration of the Court's Order Denying Plaintiffs' Motion to Dismiss the Counterclaim. In that Order, the Court considered whether Defendants had stated counterclaims

1

for indemnification and contribution from Plaintiffs in the event that Defendants were found liable for plan losses as co-fiduciaries under ERISA.  In Count I of Defendants' Counterclaim, Defendant Northern Trust Corporation ("NTC") seeks contractual indemnification from Plaintiff FedEx for all injuries and damages for which NTC may be held liable, including reasonable legal fees and expenses. (Countercl. ¶ 45.)  The Counterclaim further alleges that NTC and Defendant Northern Trust Investments, N.A. ("NTI") are each entitled to equitable and implied indemnification from Plaintiffs FedEx and the FedEx Corporation Retirement Plan Investment Board ("RPIB"), for injuries and damages for which NTI and/or NTC may be found liable.  (*Id*. ¶ 46.)  In Count II of their Counterclaim, Defendants also allege that they are entitled to contribution from Plaintiffs under ERISA and under federal ERISA common law, for Plaintiffs' responsibility for the injuries and damages allegedly suffered by the Plan.  (*Id*. ¶ 50.)

In its Order Denying the Motion to Dismiss the Counterclaim, the Court held with respect to Defendant NTC's counterclaim for contractual indemnity that NTC had adequately pled in the Counterclaim that it acted in its capacity as a directed trustee and was not an investment fiduciary.  Consequently, NTC's conduct as alleged did not fall outside the terms of the indemnity provision, and Defendants had stated a claim for indemnification per the Pension Trust Agreement.  At that point the Court declined to reach Defendants' other arguments about a right of contribution or indemnity under ERISA or federal common law as to either Defendant NTC or NTI.

In the Motion before the Court, Plaintiffs seek reconsideration of the Court's holding pursuant to Rule 60(b)(1).  Plaintiffs argue that the Court erred in concluding that both NTC and NTI had stated a claim for contractual indemnity because only Defendant NTC had asserted that

2


claim. Plaintiffs point out that the Counterclaim does not allege that NTI has a right to contractual indemnification. Instead, NTI only alleges that it has an equitable or implied right to indemnity and contribution under ERISA and/or federal common law. Therefore, Plaintiffs ask the Court to reconsider its decision and address the issue of whether Defendant NTI has a right to equitable or implied indemnification or contribution. In response, Defendants argue that Plaintiffs may not rely on Rule 60(b) to seek reconsideration of the Court's Order. Moreover, Defendants contend that the Court exercised its discretion and simply deferred ruling on Plaintiffs' motion to dismiss the remaining claims for indemnification and contribution under ERISA and federal common law. In reply, Plaintiffs argue that the Court should take up the ERISA/common law claims for indemnification and contribution now because the resolution of those claims will affect the scope of issues in the case, namely, whether Plaintiff RPIB violated its fiduciary duty. Plaintiffs have also cited recent authority from another district addressing the issue presented.

## STANDARD OF REVIEW

As a threshold matter, the parties dispute whether Rule 60(b) even permits the type of relief Plaintiffs' Motion seeks. Rule 60(b)(1) permits a court to relieve a party from a final judgment, order, or proceeding where there has been mistake, inadvertence, surprise, or excusable neglect.[1] Defendants argue that the Court's Order Denying the Motion to Dismiss Counterclaim was not a final order; therefore, Rule 60(b) would not apply in this situation.

It is settled that the Federal Rules of Civil Procedure do not specifically recognize

---

[1] Fed. R. Civ. P. 60(b)(1).

motions to reconsider.[2]  The Sixth Circuit has stated, "District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. A district court may modify, or even rescind, such interlocutory orders."[3]  In some cases, the Sixth Circuit has explained that this inherent authority derives from common law and Rule 54(b).[4]  In other instances, the Court has held that motions to reconsider filed within the time permitted will be analyzed under Rule 59(e) and all other motions to reconsider filed thereafter under Rule 60(b).[5]  Generally, reconsideration of an interlocutory order is appropriate when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.[6]  Therefore, while Plaintiffs' Motion to Reconsider is not clearly governed by Rule 60(b), the Court holds that it has authority to reconsider its previous Order.

In the Motion before the Court, Plaintiffs' argue that the Court clearly erred in its Order

---

[2] *E.g. Westerfield v. United States*, 2010 WL 653535, at *5 (6th Cir. Feb. 24, 2010).

[3] *Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6th Cir. 1991) (citations omitted).  *See also Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945-46 (6th Cir. 2004) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind*,* or modify an interlocutory order for cause seen by it to be sufficient.") (citation omitted).

[4] *E.g. Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004).  *See also Jaynes v. Austin*, 20 F. App'x 421, 425 (6th Cir. 2001) ("Under Fed. R. Civ. P. 54(b) an order that determines fewer than all the claims or rights of the parties does not terminate the action, and the order is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.").

[5] *E.g. Westerfield*, 2010 WL 653535, at * 5; *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999).  *See also* Fed. R. Civ. P. 59(e)

[6] *Rodriguez*, 89 F. App'x at 959.

Denying the Motion to Dismiss Counterclaims by declining to reach the issues of whether Defendant NTI could state a claim for indemnity and contribution pursuant to ERISA common law. The Court wrote, "Having held that Defendants have properly stated their counterclaim for contractual indemnification, the Court declines to reach the other issue raised in Plaintiffs' Motion to Dismiss, namely, whether federal common law provides for indemnity and contribution among ERISA co-fiduciaries."[7] The Court finds that to the extent that its conclusion could be read to mean that NTI had stated a counterclaim for contractual indemnification, the Order was erroneous because Defendant NTI has not alleged that it was a party or a third-party beneficiary of the contract between NTC and Fed Ex. As a result, the Court will reconsider its Order.

## ANALYSIS

In their motion to dismiss the counterclaims, Plaintiffs argued that the Sixth Circuit had not recognized a right of contribution or indemnity among co-fiduciaries under ERISA or federal common law. FedEx relies in part on *May v. Nat'l Bank of Commerce*, a decision in which another Court in this District dismissed a counterclaim for contribution and indemnity pursuant to ERISA.[8] Although the Sixth Circuit has never addressed the issue, the Court's decision in *May* was consistent with rulings from other district courts in the Sixth Circuit which have considered the question.[9] Similarly, Plaintiffs contend that there is no implied right to

---

[7] Order Denying Mot. Dismiss Countercl., Jan. 25, 2010, 25.

[8] 390 F. Supp. 2d 674, 677 (W.D. Tenn. 2004) (McCalla, J.).

[9] Plaintiffs/Counter-defendants go on to cite decisions from the Eighth and Ninth Circuits consistent with the rule adopted by the Court in *May* and by other district courts in this Circuit.

5

contribution or indemnity in federal common law. For these reasons, the counterclaims should be dismissed.

In response to Plaintiffs' argument, Defendants contend that ERISA permits contribution and indemnification between fiduciaries pursuant to federal common law, and by analogy from the law of trusts. The Sixth Circuit has recognized the role of developing common law gap-filling terms where ERISA is silent. As a starting point for interpretation of ERISA, the Sixth Circuit has turned to the law of trusts, which does recognize the right of contribution among co-trustees. Defendants contend that courts have construed ERISA to permit equitable remedies in particular even if such a remedy is not expressly identified in ERISA. Defendants distinguish the *May* decision by stating that the parties and the Court did not consider the common law of trusts as the starting point for considering what remedies ERISA does provide.

The issue presented is whether one co-fiduciary may state a counterclaim against another co-fiduciary for indemnity or contribution pursuant to ERISA or federal common law. As an initial matter, Defendants correctly explain that "[c]ontribution is essentially a subset of indemnity and both are remedies that have typically been available in equity."[10] For purposes of this Motion, the Court will treat the claims for contribution and indemnification interchangably and apply the same analysis.

Based on the weight of authority in this Circuit, the Court holds that such claims are not available under ERISA or federal common law. The Sixth Circuit has never squarely addressed the question. In the only case in which the issue was presented, the Sixth Circuit declined to review the district court's ruling that ERISA did not permit a claim for contribution and

---

[10] Defs.' Resp. (D.E. # 35), 14-15 (other citations omitted).

remanded in light of the Supreme Court's holding in *Harris Trust and Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 120 S.Ct. 2180 (2000).[11] Although the Sixth Circuit has not settled the issue, a number of other courts within the Circuit, including one court in this District, have held that a right of contribution does not exist under ERISA.[12] Judge McCalla's decision in *May v. National Bank of Commerce* is representative. In declining to import a right of contribution from trust law in *May*, Judge McCalla cited the Supreme Court's holding that

> The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted, however, provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a "comprehensive and reticulated statute."[13]

---

[11] *McDannold v. Star Bank, N.A.*, 261 F.3d 478, 485-86 (6th Cir. 2001) (remanding due to *Harris Trust*'s holding that "even nonfiduciaries can be sued under ERISA for equitable relief" where district court had "premised its [contribution] ruling on the absence of common liability under ERISA").

[12] *Toledo Blade Newspaper Unions-Blade Pension Plan v. Inv. Performance Servs., LLC*, 448 F. Supp. 2d 871, 875 (N.D. Ohio 2006); *Kloots v. Am. Express Tax & Bus. Servs., Inc.*, 2006 WL 1644373 (N.D. Ohio June 12, 2006); *May v. Nat'l Bank of Commerce*, 390 F. Supp. 2d 674, 677 (W.D. Tenn. 2004) (McCalla, J.); *Williams v. Provident Inv. Counsel, Inc.*, 279 F. Supp. 2d 894, 898-99 (N.D. Ohio 2003) (collecting cases); *Roberts v. Taussig*, 39 F. Supp. 2d 1010, 1012-13 (N.D. Ohio 1999); *Daniels v. Nat'l Employee Benefit Servs., Inc.*, 877 F. Supp. 1067, 1073-74 (N.D. Ohio 1995). *But see Henderlight v. Lay*, 2006 WL 1663695, at *7 (E.D. Tenn. June 14, 2006) (declining to dismiss third-party complaint for contribution as a matter of law because "there may be some set of facts under which third-party plaintiff could recover and a right to contribution might exist under ERISA").

[13] *May*, 390 F. Supp. 2d at 676 n. 2 (quoting *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146-47, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985)). *See also Roberts*, 39 F. Supp. 2d at 1012-13 ("Where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it. The presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement.") (citations and quotations omitted).

Furthermore, the *May* opinion considered the seminal cases from other Circuits where the issue was addressed. The Ninth Circuit has held that there was no right of contribution in ERISA based on the absence of such a right in the statute as well as the policy that ERISA was intended to protect pension plans, not plan fiduciaries.[14] On the other hand, the Second and Seventh Circuits have reached the opposite conclusion reasoning that ERISA "adopted many aspects of trust law and because trust law provides for a right of contribution among fiduciaries."[15] Finally, Judge McCalla cited the authority within this Circuit rejecting a right of contribution among ERISA fiduciaries.[16] In the final analysis, the *May* Court refused to "reinvent the wheel and re-write the many well-reasoned opinions" already holding that ERISA did not provide a right of contribution.[17]

Likewise, this Court finds no reason to differ with the many cases in this Circuit,

---

[14] *May*, 390 F. Supp. 2d at 676-77 (citing *Kim v. Fujikawa*, 871 F.2d 1427, 1432-33 (9th Cir.1989). *See also Toledo Blade*, 448 F. Supp. 2d at 875 ("The underlying purpose of ERISA is to protect. . . the interests of *participants* in employee benefit plans and their *beneficiaries*. . . . ERISA's purpose would not be served by allowing contribution from co-fiduciaries who are bringing a claim for breach of fiduciary duty.") (citations and quotations omitted).

[15] *May*, 390 F. Supp. 2d at 677 (citing *Chemung Canal Trust Co. v. Sovran Bank/Maryland,* 939 F.2d 12, 15-18 (2d Cir. 1991); *Lumpkin v. Envirodyne Indus., Inc.,* 933 F.2d 449, 464 (7th Cir. 1991); *Free v. Briody,* 732 F.2d 1331, 1336-38 (7th Cir. 1984) (granting contribution in favor of "passive" fiduciary against co-fiduciary who embezzled plan assets)). Judge McCalla noted that decisions in the Seventh Circuit have since cast doubt on the right of contribution under ERISA in light of *Russell*. In fact, as Plaintiffs point out, the Northern District of Illinois recently concluded that *Free* was no longer good law after *Russell* and dismissed co-fiduciaries' counterclaims for contribution and indemnification not unlike the ones in the case at bar. *BP Corp. North America, Inc. et al. v. Northern Trust Investments, N.A., et al.*, 692 F. Supp. 2d 980 (N.D. Ill. 2010).

[16] *May*, 390 F. Supp. 2d at 677 (citing the Northern District of Ohio's rulings in *Williams*, *Roberts*, and *Daniels*).

[17] *May*, 390 F. Supp. 2d at 677.

including *May*, holding that ERISA does not include a right of contribution or to restate all of the reasons supporting that rule. In fact, the Court finds that subsequent decisions have only increased the persuasiveness of this holding. The Eighth Circuit has since followed the Ninth Circuit's rule and held that ERISA "cannot be read as providing for an equitable remedy of contribution in favor of a breaching fiduciary."[18] Notably, the Eight Circuit addressed some of the same arguments made by Defendants in support of their counterclaims in the case at bar. For instance, the Eight Circuit rejected a broad and "overstated" view of the authority granted to the courts to develop a federal common law of ERISA and instead described this "limited" power to be used "only if necessary to fill in interstitially or otherwise effectuate the statutory pattern enacted in the large by Congress."[19] The Eighth Circuit further questioned the Second Circuit's adoption of a right of contribution in *Chemung* on the grounds that the Supreme Court had subsequently held that ERISA's "carefully crafted and detailed enforcement scheme provides strong evidence that Congress did not intend to authorize other remedies that it simply forgot to

---

[18] *Travelers Cas. and Sur. Co. of Am. v. IADA Servs., Inc.*, 497 F.3d 862, 866 (8th Cir. 2007).

[19] *Travelers*, 497 F.3d at 866 (quoting *Bollman Hat Co. v. Root*, 112 F.3d 113, 118 (3d Cir.1997)). The Eighth Circuit also cited in support of this "limited" view of developing federal common law of ERISA cases from other circuits including the Sixth Circuit's decision in *Smith v. Wal-Mart Assocs. Group Health Plan*, 238 F.3d 424, 2000 WL 1909387, at * 2 (6th Cir. Dec. 27, 2000). *See also Useden v. Acker*, 947 F.2d 1563, 1581 (11th Cir. 1991) ("Thus, while it is obvious that ERISA is informed by trust law, the statute is, in its contours, meaningfully distinct from the body of the common law of trusts. A method of interpretation consonant with this realization will reject the unselective incorporation of trust law rules into ERISA. Rather, a court should only incorporate a given trust law principle if the statute's text negates an inference that the principle was omitted deliberately from the statute.").

incorporate expressly."[20]  Not only has the Eight Circuit held that no right of contribution exists under ERISA, but the Seventh Circuit has called its own previous holdings on contribution into some doubt.  In 2006, that Court stated in dicta that "it is unsettled whether ERISA defendants have such a right [of contribution]."  While acknowledging its precedents where it assumed that fiduciaries had a right of contribution, the Seventh Circuit stated that those cases "did not actually discuss the question, which remains an open one in this circuit" and decided that *Summers* was "not the case in which to close it."[21]  As a result, the Court finds that *May* and the many other cases from this Circuit rest on even firmer ground in light of the Eighth Circuit's adoption of the same rule and the Seventh Circuit's apparent step back from its earlier rulings.

In support of their counterclaims, Defendants urge the Court to revisit *May* arguing that "Judge McCalla was also without the benefit of the express guidance subsequently provided by the Sixth Circuit" in two cases restating the general rule that ERISA should be interpreted in light of the common law of trusts.[22]  The Court finds Defendants' position unpersuasive.  The Sixth Circuit did not announce a new rule in either case Defendants have cited that would have altered the outcome in *May*.  Rather, the Sixth Circuit simply reiterated the longstanding rules of ERISA

---

[20] *Travelers*, 497 F.3d at 866 (citing *Great-West Life & Annuity Ins. v. Knudson*, 534 U.S. 204, 209, 122 S.Ct. 708 (2002); *Mertens v. Hewitt Associates*, 508 U.S. 248, 254, 113 S.Ct. 2063, 2068 (1993)).  *Accord Chemung*, 939 F.2d at 18-19 (Altimarti, J., dissenting) ("Simply stated, if Congress had intended to include a right of action for contribution and indemnification it would have done so.").

[21] *Summers v. State St. Bank & Trust Co.*, 453 F.3d 404, 413 (7th Cir. 2006) (citing *Alton Mem'l Hosp. v. Metro. Life Ins. Co.*, 656 F.2d 245, 250 (7th Cir.1981); *Lumpkin*, 933 F.2d at 464 n. 10).

[22] Defs.' Resp. (D.E. # 35), 18 (citing *Citizens Ins. Co. of Am. v. MidMichigan Health ConnectCare Network Plan*, 449 F.3d 688 (6th Cir. 2006), and *Duer Constr. Co. v. Tri-County Bldg. Trades Health Fund,* 132 F. App'x 39 (6th Cir. 2005)).

construction that the federal courts have the authority to develop a federal common law of ERISA[23] and that ERISA should be construed in light of the common law of trusts.[24] Furthermore, it is clear that Judge McCalla considered these principles in *May* but concluded that a right of contribution could not be judicially created due to the Supreme Court's holding in *Russell*, specifically, that "Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly."[25]  Indeed, the Supreme Court has repeatedly held that the common law of trusts is but a "starting point for analysis [of ERISA]" and applies to ERISA only in so far as it is consistent "with the language of the statute, its structure, or its purposes."[26] Likewise, it follows that "[t]he authority of courts to develop a federal common law under ERISA is not the authority to revise the text of the statute."[27]  Therefore, the Court finds Defendants' open-ended emphasis on the law of trust unconvincing.

---

[23] *See Citizens Ins.*, 449 F. 3d at 691 n.4 ("ERISA presents just such a situation, where federal common law is expected to develop and address rights and obligations arising under the Act.").

[24] *See Duer Constr.*, 132 F. App'x at 43 ("Trustees' responsibilities and powers under ERISA derive from the common law of trusts, as further delineated in the statute through strict standards of trustee conduct.).

[25] *May*, 390 F. Supp. 2d at 676 n. 2 (quoting *Russell*).

[26] *Harris Trust*, 530 U.S. at 250 (citing *Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432, 447, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999)).

[27] *Mertens*, 508 U.S. at 259.  For the same reasons, Defendants' argument that *May* is distinguishable because the defendant in that case sought contribution pursuant to 29 U.S.C. §§ 1105 & 1109, and not the federal common law, is unavailing.  Although the issue of whether the federal common law provided a right of contribution among ERISA fiduciaries was not actually before the Court in *May*, this Court holds that the same reasoning would apply to both a claim for contribution implied from the statute itself or a claim incorporated from the common law of trusts.

Finally, Defendants argue that "[t]he remedies of contribution and indemnification serve the purpose of deterring plan abuse by preventing breaching fiduciaries from escap[ing] the consequences of their actions."[28]  Without a right of contribution, Defendants warn of the potential danger of permitting a culpable fiduciary to sue a co-fiduciary "comfortable in the knowledge that they themselves would not be brought to task for their own misconduct."[29]  The Court finds this danger more apparent than real.  ERISA itself gives the right to bring a civil enforcement action for breaches of fiduciary duty not only to fiduciaries, culpable or otherwise, but also to plan participants and beneficiaries as well as the Secretary of Labor.[30]  Based on the statute's enforcement provisions, the Court finds little risk that a culpable fiduciary would escape being brought to task for its own misconduct.  The greater risk would appear to be the prospect of co-fiduciaries like Defendants seeking contribution for plan losses from the plan itself, thereby reducing the recovery to the plan for a breach of fiduciary duty.[31]  Such a result would be clearly inconsistent with ERISA's stated purpose to protect pension plans and assets.

## CONCLUSION

For these reasons, the Court concludes that there is no right of contribution among fiduciaries under ERISA or the federal common law.  Therefore, Defendants' counterclaims for contribution and indemnification based on these theories are **DISMISSED**.  Plaintiffs' Motion

---

[28] Defs.' Resp., 16.

[29] *Id*. (citing *Trs. of the Auto. Mech. Local No. 701 Pension & Welfare Funds v. Union Bank of Cal., N.A.*, 2009 WL 1877326, at *3 (N.D. Ill. July 9, 2009)).

[30] 29 U.S.C. § 1132(a)(2).

[31] *See BP Corp. North America, Inc. et al. v. Northern Trust Investments, N.A., et al.*, 692 F. Supp. 2d 980, 985-86 (N.D. Ill. 2010).  *See also* n. 14 *supra*.

for Reconsideration is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 16th, 2010.